# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------------- x
:
In re                        :   Chapter 11
:
East West Resort Development V, L.P., L.L.L.P.,  :   Case No. 10-10452 (BLS)
*et al.*,[1]                           :
:   (Jointly Administered)
Debtors.                :
:   **Re: Docket No. 40**
-------------------------------------------------------------------- x

## ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE *NUNC PRO TUNC* TO THE PETITION DATE

This matter coming before the Court on the Application of the Debtors to Retain and

Employ Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey") as Financial

Advisor and Investment Banker Pursuant to Sections 327 and 328 of the Bankruptcy Code *Nunc*

*Pro Tunc* to the Petition Date (the "Application"),[2] filed by the above-captioned debtors

(the "Debtors"); the Court having reviewed the Application, the Declaration and the Engagement

Agreement and having considered the statements of counsel and the evidence adduced with

respect to the Application at a hearing before the Court (the "Hearing"); Houlihan Lokey having

---

[1]   The Debtors are the following 12 entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): East West Resort Development V, L.P., L.L.L.P., a Delaware limited partnership registered as a limited liability limited partnership (9275), NMP Holdings, LLC, a Delaware limited liability company (9716), Northstar Mountain Properties, LLC, a Delaware limited liability company (0823), Northstar Iron Horse, LLC, a Delaware limited liability company (1031), Northstar Big Horn, LLC, a Delaware limited liability company (1132), Northstar Village Townhomes, LLC, a Delaware limited liability company (7166), Northstar Trailside Townhomes, LLC, a Delaware limited liability company (7251), Old Greenwood, LLC, a Delaware limited liability company (3812), Old Greenwood Realty Inc., a California corporation (4355), Gray's Station, LLC, a Delaware limited liability company (8308), Tahoe Mountain Resorts, LLC, a Delaware limited liability company (0093), and Tahoe Club Company, LLC, a Delaware limited liability company (5142). The address of each of the Debtors is 126 Riverfront Lane, 5th Floor, PO Drawer 2770, Avon, Colorado 81620.

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

represented to this Court and the Office of the United States Trustee that neither Harry H. Frampton nor any entities affiliated with Frampton (as the term "affiliate" is defined in 11 U.S.C. § 101(2)) are or were clients of the Houlihan Lokey Group's Hedge Fund and Derivatives Valuation Services Group; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Application and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Application is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as provided herein.

2.      The Debtors are authorized, effective as of the Petition Date, to employ and retain Houlihan Lokey as their financial advisors and investment bankers, on the terms set forth in the Engagement Agreement and the Application, pursuant to section 327(a) and 328(a) of the Bankruptcy Code, and subject to the terms and conditions imposed below.

3.      Houlihan Lokey's compensation shall be subject to the standard of review set forth in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code, except as specifically provided in the following paragraph.

4.      Notwithstanding the approval of Houlihan Lokey's retention pursuant to section 327 of the Bankruptcy Code and approval of the terms of the engagement under section 328(a) of the Bankruptcy Code, the United States Trustee (the "U.S. Trustee") shall be permitted to

LEGAL_US_W # 64097346. 3
RLF1 3547598v.1

review the Restructuring Transaction Fee, Sale Transaction Fee and Financing Transaction Fee (collectively, the "Transaction Fees") (but not the Monthly Fees in the event such fees are credited against the Transaction Fees) pursuant to the reasonableness standards set forth in section 330 of the Bankruptcy Code; provided, however, that in determining the reasonableness of any Transaction Fee under section 330, a factor to be considered is whether the Transaction Fee is comparable to the range of fees paid to investment bankers in comparable transactions both in and outside of court in this and other Districts as provided in section 330(a)(3)(F) of the Bankruptcy Code; and provided, further, that the number of hours spent by Houlihan Lokey's personnel during its engagement or during any given monthly period thereof shall not be the sole factor in and of itself as to the reasonableness of any Transaction Fee or the Monthly Fee. Excepting the provisions of this paragraph, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Houlihan Lokey's compensation. Neither the U.S. Trustee nor Houlihan Lokey shall rely upon this provision as binding precedent in any other chapter 11 proceedings.

5.     Houlihan Lokey shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders or procedures of this Court, provided, however, that Houlihan Lokey shall not be entitled to be reimbursed for the fees and expenses of its outside counsel, excepting the estates' obligations to indemnify Houlihan Lokey as modified by this Order. Subject to the foregoing, Houlihan Lokey will file applications for interim and final allowance of compensation and reimbursement of expenses prior to being compensated and/or reimbursed for period(s)/item(s) which are subject of the

LEGAL_US_W # 64097346. 3
RLF1 3547598v.1

application, in accordance with any procedures approved by the Court for interim compensation and reimbursement of expenses of professionals.

6. The indemnification provisions of the Engagement Agreement are approved and modified as follows:

(a) subject to the provisions of subparagraph (c), infra, the Debtors are authorized to indemnify, and shall indemnify, Houlihan Lokey in accordance with the Engagement Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Agreement, but not for any claim arising from, related to, or in connection with Houlihan Lokey's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Bankruptcy Court;

(b) notwithstanding any provisions of the Engagement Agreement to the contrary, the Debtors shall have no obligation to indemnify Houlihan Lokey or provide contribution or reimbursement to Houlihan Lokey (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Houlihan Lokey's bad faith, self dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Houlihan Lokey's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would not be prohibited by In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which Houlihan Lokey should not receive indemnity, contribution or reimbursement under the terms of the Letter Agreement, as modified by this Order;

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Houlihan Lokey believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement, including without limitation the advancement of defense costs, Houlihan Lokey must file an application therefore in this court, and the Debtors may not pay any such amounts to Houlihan Lokey before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by Houlihan Lokey and not a provision

4

limiting the duration of the Debtors' obligation to indemnify Houlihan Lokey; and

(d)     any limitation on the amount of liability pursuant to the terms of the Engagement Agreement shall be eliminated.

7.      Houlihan Lokey is granted a limited waiver from complying with the information requirements contained in Local Rule 2016-2(d) to keep time records in one-hour increments. Additionally, Houlihan Lokey will submit a separate application to this Court for approval of any Transaction Fee (as defined in the Engagement Agreement), if and when such fees become payable. Alternatively, Houlihan Lokey may combine any request for payment of the Transaction Fee in these cases with its interim or final fee applications.

8.      Notwithstanding anything in the Engagement Agreement to the contrary, Houlihan Lokey is not authorized to render fairness opinions under this Order.

9.      Notwithstanding anything in the Engagement Agreement to the contrary, the defined term "Company" as used in the Engagement Agreement means EWRD V and its subsidiaries that are the Debtors in these Bankruptcy Cases.

10.     To the extent this Order is inconsistent with the Engagement Agreement, this Order shall govern.

11.     Nothing contained in paragraph two of the Engagement Letter dated December 14, 2009 (titled "Exclusive Agency") is intended to supersede applicable bankruptcy law.

12.     Notwithstanding anything contained in the Engagement Letter to the contrary, this court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: March 11, 2010
         Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

LEGAL_US_W # 64097346. 3
RLF1 3547598v.1