# EXHIBIT A-1

# BIDDING PROCEDURES

# BIDDING PROCEDURES

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed in connection with an auction (the "Auction") for the sale (the "Sale") of all or some of the Sale Debtors' assets (defined below).[1] At a hearing following the Auction (the "Sale Approval Hearing"), the Debtors will seek entry of an order (the "Sale Order") from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") authorizing and approving the Sale to the Qualified Bidder(s) (as defined below) that the Debtors determine to have made the highest or otherwise best bid(s) (the "Prevailing Bidder(s)").

## A. Assets to be Sold

The Debtors seek to complete a sale (the "Sale") of the following: (i) substantially all the assets of Greenwood LLC, (ii) substantially all the assets of Gray's LLC, (iii) the Jack Nicklaus signature golf course owned by Club Company LLC and (iv) the Peter Jacobson/Jim Hardy golf course owned by Club Company LLC (collectively, the "Assets"). The Debtors shall entertain bids for any of the Assets either individually or in lots designated by any potential purchaser or the Debtors, including bids for fewer than all of the assets of any Sale Debtor. The Debtors will not entertain bids for all or substantially all of the Assets that do not at least meet or exceed an amount that is both sufficient to meet the Sale Debtors' obligations and consistent with their sound business judgment (the "Minimum Qualifying Bid Amount"). Except as otherwise provided in definitive documentation with respect to the Sale, all of the Sale Debtors' rights, title and interest in and to the Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against in accordance with section 363 of the Bankruptcy Code.

## B. Confidentiality Agreement

Any party that wishes to conduct due diligence regarding the Assets may be granted access to all material information that was or will be provided to any Qualified Bidder, provided that such party first agree to and execute a confidentiality agreement with respect thereto. Parties wishing to conduct due diligence regarding the Assets should contact Houlihan Lokey Howard & Zukin Capital, Inc., 1930 Century Park West, Los Angeles, California 90067 (Fax: 310-553-2173) (Attn: Amit Patel) for access to material information.

## C. Qualified Bidder

In order to participate in the bidding process and be deemed a "Qualified Bidder," each potential bidder must deliver to the Debtors' counsel: Paul, Hastings, Janofsky & Walker LLP, 191 North Wacker Drive, 30th Floor, Chicago, Illinois 60606 (Fax: 312-499-6100) (Attn: Richard A. Chesley, Esq.) ("Paul Hastings") and Richards, Layton and Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Fax: 302-651-7701) (Attn: Daniel J. DeFranceschi, Esq.) (together with Paul Hastings, the "Debtors' Counsel"), a written offer or group of offers (a "Qualifying Bid", and the party or parties to such Qualifying Bid, a "Qualified

---

[1] Capitalized terms not defined herein shall have the meanings given to the in the Motion.

Bidder") so as to be received by no later than 5:00 p.m. (prevailing Eastern Time) on or before April 7, 2010 (the "Bid Deadline"). Each potential bidder shall also simultaneously deliver such copies to: (i) Agent's Counsel: Greenberg Traurig, LLP, MetLife Building, 200 Park Avenue, New York, New York 10166 (Fax: 212-801-6400) (Attn: Nathan A. Haynes, Esq.) and (ii) the Debtors' financial advisor: Houlihan Lokey Howard & Zukin Capital, Inc., 1930 Century Park West, Los Angeles, California 90067 (Fax: 310-553-2173) (Attn: Amit Patel). In order to be considered a Qualifying Bid, such bid must:

(i) state such Qualified Bidder offers to purchase all or some of the Assets upon the terms and conditions as set forth in the Asset Purchase Agreement or through an alternative structure (or series of transactions) on such different or additional terms as appropriate and desirable for such transaction structure that the Debtors determine are no less favorable than the terms and conditions of the Asset Purchase Agreement;

(ii) state that such Qualified Bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Assets on terms and conditions no less favorable to the Debtors than the terms and conditions contained in the Asset Purchase Agreement (as determined by the Debtors in their reasonable business judgment);

(iii) be accompanied by a clean and duly executed Asset Purchase Agreement (the "Modified Purchase Agreement") and a marked Modified Purchase Agreement reflecting the variations from the Asset Purchase Agreement;

(iv) state that such Qualified Bidder is financially capable of consummating the transactions contemplated by the Modified Purchase Agreement;

(v) state that such Qualified Bidder's offer is irrevocable until the closing of the purchase of the Assets if such Qualified Bidder is the Prevailing Bidder or the Back-Up Bidder (both, as defined below);

(vi) contain such financial and other information, including contact information, that will allow the Debtors to make a reasonable determination as to the Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified Purchase Agreement, including adequate assurance of such bidder's ability to perform under any Assumed Executory Contract;

(vii) identify with particularity each and every executory contract and unexpired lease, the assumption and assignment of which is a condition to closing;

(viii) acknowledge that such bid does not request or entitle the bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment;

2

(ix)  fully disclose the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation;

(x)  (a) state that such bid does not contain any due diligence or financing contingencies of any kind; and (b) provide evidence satisfactory to the Debtors that the bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to finance the purchase of the Assets;

(xi)  include evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified Purchase Agreement;

(xii)  be accompanied by a cash deposit at least equal to 10% of the purchase price (the "Deposit") to be wired to an account maintained and specified by the Debtors' Counsel; provided however, that any Lender shall not be required to make such a deposit if the Debtors are indebted to such Lender in excess of 10% of the purchase price of the Lender's Qualifying Bid.

Notwithstanding any of the foregoing, any Lender automatically shall be considered a Qualifying Bidder. The Debtors shall have the exclusive right to determine whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been recognized as such prior to the Auction.[2]

## D. Aggregate Bids

The Debtors may aggregate separate bids from unaffiliated persons to create one "Qualifying Bid" from a "Qualified Bidder"; provided, however, that all bidders shall remain subject to the provisions of section 363(n) of the Bankruptcy Code regarding collusive bidding.

## E. As Is, Where Is

The sale of the Assets shall be on an "as is where is" basis without representations or warranties of any kind, nature or description by the Debtors, Sale Debtors, Debtors' estates or Sale Debtors' estates except as specifically set forth in the Asset Purchase Agreement.

## F. Only One Qualifying Bid

If only one timely Qualifying Bid is submitted, the Debtors shall not hold the Auction, but may proceed with the Sale Approval Hearing.

---

[2] All rights granted in favor of the Debtors in these Bidding Procedures shall be exercised in accordance with their fiduciary obligations.

3

RLF1 3545242v.1
LEGAL_US_E # 87200709.2
RLF1 3547815v.1

### G. Auction

In the event that the Debtors timely receive more than one Qualifying Bid, the Debtors shall conduct the Auction with respect to the Assets of the Sale Debtors. The Auction will take place at the offices of Paul, Hastings, Janofsky & Walker, LLP, 55 Second Street, Twenty-Fourth Floor, San Francisco, California 94105, on April 9, 2010 starting at 9:00 a.m. (prevailing Pacific Time), or at such other place, date and time as may be designated in writing by the Debtors.

The Auction shall be governed by the following procedures:

(i) only the Qualified Bidders shall be entitled to make any subsequent bids at the Auction and only Qualified Bidders or their authorized representative are entitled to attend and/or participate in the Auction, except that the Agent and its counsel are entitled to attend the Auction;

(ii) each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

(iii) each Qualified Bidder shall appear in person at the Auction, or through a duly authorized representative;

(iv) bidding shall commence at the amount of the best Qualifying Bid submitted prior to the Auction;

(v) Qualified Bidders may then submit successive bids in increments to be determined by the Debtors;

(vi) all Qualified Bidders shall have the right to submit additional bids and make additional modifications to the Asset Purchase Agreement or Modified Purchase Agreement, as applicable, at the Auction, so long as any further bids or the Modified Purchase Agreement as further modified otherwise constitute a Qualifying Bid;

(vii) the Auction will be conducted openly and each Qualified Bidder will be informed of the terms of the previous bid;

(viii) the Auction shall continue until there is only one offer that the Debtors determine subject to Court approval, is the highest and best offer from among the Qualifying Bids submitted at the Auction (the "Prevailing Bid"). In making this decision, the Debtors shall consider, without limitation, the amount of the purchase price, the net benefit to the Sale Debtors' estates, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, and the number, type and nature of any changes to the Asset Purchase Agreement requested by each bidder. The bidder submitting such Prevailing Bid shall become the "Prevailing Bidder," and shall have such rights and

4

responsibilities of the Purchaser, as set forth in the applicable Modified Purchase Agreement. Within three (3) days after adjournment of the Auction (but in any event prior to the commencement of the Sale Approval Hearing), the Prevailing Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Prevailing Bid was made. Absent irregularities in the conduct of the Auction, or reasonable and material confusion during the bidding, bids made after the close of the Auction shall not be considered by the Court; and

(ix) the bidding at the Auction will be transcribed.

## H. Sale Approval Hearing

The Prevailing Bid will be subject to approval by the Court. The Debtors have requested that the Sale Approval Hearing take place on or before April 13, 2010 at 11:00 a.m. (prevailing Eastern Time). The Sale Approval Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Approval Hearing, and the Debtors reserve their rights, in the exercise of their fiduciary obligations, to cancel the Sale at anytime.

## I. Closing Conditions and Deadlines

Subject to the satisfaction of the conditions set forth in the Modified Purchase Agreement (or the waiver thereof by the party entitled to waive that condition), the closing of the purchase and sale of the Assets and the assumption of the Assumed Liabilities provided for in the Modified Purchase Agreement (the "Closing") shall take place at the offices of Paul, Hastings, Janofsky & Walker, LLP, 55 Second Street, Twenty-Fourth Floor, San Francisco, California 94105 (or at such other place as the parties may designate in writing) no later than five (5) Business Days after the entry by the Court of the Sale Order, unless another time or date, or both, are agreed to in writing by the parties to the Modified Purchase Agreement.

## J. Failure to Consummate Sale

If an Auction is conducted, the party with the next highest or otherwise best Qualifying Bid, as determined by the Debtors, in the exercise of their business judgment, at the Auction shall be required to serve as a back-up bidder (the "Back-Up Bidder") and keep such bid open and irrevocable until the earlier of 5:00 p.m. (prevailing Pacific Time) on (i) the first business day that is 30 days following the entry of the Sale Order or (ii) the closing of the Sale with the Prevailing Bidder.

Following the Sale Approval Hearing, if the Prevailing Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Prevailing Bidder, the Back-Up Bidder's bid will be deemed to be the new Prevailing Bid, and the Debtors will be authorized, but not required, to consummate the sale with the Backup Bidder without further order of the Court upon at least 24 hours' notice to the Notice Parties. In such case, the Prevailing Bidder's deposit shall be dealt with in accordance with the terms of its

5

Modified Purchase Agreement, and the Debtors specifically reserve the right to seek all available damages from the defaulting Prevailing Bidder in accordance with the terms of that party's Modified Purchase Agreement. In the event that the Debtors fail to consummate a transaction with the Back-Up Bidder, the Back-Up Bidder's deposit shall be dealt with in accordance with the terms of its Modified Purchase Agreement and the Debtors specifically reserve the right to seek all available damages from the defaulting Back-Up Bidder in accordance with the terms of its Modified Purchase Agreement.

Except as otherwise provided herein, all deposits shall be returned to each bidder not selected by the Debtors in accordance with the above procedures as the Prevailing Bidder or the Back-Up Bidder by no later than the fifth (5th) business day following the entry of the Sale Order. The deposit of the Back-Up Bidder shall be held by the Debtors until the earlier of (i) the first business day that is 30 days following the entry of the Sale Order or (ii) 24 hours after the closing of the sale transaction with the Prevailing Bidder.

### K. Extension of Deadlines and Modification of Bidding Procedures

The Debtors reserve their rights, in the exercise of their fiduciary obligations, to modify the Bidding Procedures in a manner not inconsistent with the terms of the Modified Purchase Agreement or to impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Assets, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction at the Auction or adjourning the Sale Approval Hearing in open court without further notice, withdrawing from the Auction any or all of the Assets at any time prior to or during the Auction or canceling the Auction and the Sale, and Sale Approval Hearing, and rejecting all Qualifying Bids if, in the Debtors' business judgment no such bid is for a fair and adequate price on terms. The decision to undertake any such modifications, adjournments, extensions or otherwise, remains within the sole discretion of the Debtors in the exercise of their business judgment.

RLF1 3545242v.1
LEGAL_US_E # 87200709.2
RLF1 3547815v.1