# EXHIBIT A

## DEFINED TERMS

1. <u>Budget</u>. The budget attached to this Order as Exhibit B; provided, however, that such budget may be amended with Agent's consent, in its sole discretion, without the necessity for further Court approval.

2. <u>Business Day</u>. Any Business Day (as that term is defined in the Postpetition Loan Agreement).

3. <u>Carveout</u>. For the purposes of enabling the Debtors' estates to pay allowed fees and disbursements of the Carveout Professionals as may be awarded from time to time pursuant to Code § 330, the aggregate amount set forth in Paragraph 4 of this Order; provided, however, that the Carveout may be used only subject to the terms and provisions of Paragraph 4 of this Order.

4. <u>Carveout Professionals.</u> Collectively: (a) Paul, Hastings, Janofsky & Walker, LLP, as counsel for the Debtors; (b) Richards Layton & Finger, PA, as counsel for the Debtors; (c) Houlihan Lokey Howard & Zukin Capital, Inc., as financial advisor and investment banker for the Debtors; (d) counsel for any Committee; and (e) a single financial advisor for any Committee.

5. <u>Cases</u>. These chapter 11 cases or any superseding chapter 7 cases of the Debtors.

6. <u>Cash Collateral</u>. All "cash collateral," as that term is defined in Code § 363.

7. <u>Cash Proceeds</u>. All cash, including, without limitation, all Cash Collateral and other cash, arising from the collection or other conversion to cash of the Postpetition Collateral (including, without limitation, tax refunds, deposits subject to setoff, insurance proceeds, and Net Cash Proceeds (as that term is defined in the Postpetition Loan Agreement).

8. <u>Code</u>. Title 11 of the United States Code, as in effect from time to time. Unless otherwise indicated, all statutory section references in this Order are to the Code.

9. <u>Committee</u>. Any official creditors' committee appointed to represent unsecured creditors in the Cases pursuant to Code § 1102.

10. <u>Designated Account.</u> The "Designated Account," as that term is defined in the Postpetition Loan Agreement.

11. <u>Effective Date</u>. The effective date of any chapter 11 plan confirmed in any of these Cases.

12. <u>Event of Default.</u> Any one or more of the following: (a) the Debtors commit any Event of Default under Section 8.1 of the Postpetition Loan Agreement; or (b) the Debtors fail to

perform any of their obligations in strict accordance with the terms of, or otherwise fail to comply with any of the provisions of, this Order.

13. <u>Existing Lenders.</u> The holders of Existing Loans.

14. <u>Existing Loans.</u> Collectively, the loans identified on Schedule 4.19 of the Postpetition Loan Agreement.

15. <u>Existing U.S. Bank Liens.</u> The Liens of U.S. Bank on the Second Lien Collateral which secure the Existing Loans made by U.S. Bank to Northstar Trailside Townhomes, LLC.

16. <u>Filing Date.</u> February 16, 2010.

17. <u>Final Hearing.</u> The final hearing on the Motion conducted in accordance with Fed. R. Bankr. P. 4001.

18. <u>Final Order.</u> A final order authorizing the Debtors to incur Postpetition Debt entered at or in connection with the Final Hearing.

19. <u>First Priority Liens.</u> Liens which are first priority, properly perfected, valid and enforceable security interests, which are not subject to any claims, counterclaims, defenses, setoff, recoupment or deduction, and which are otherwise unavoidable and not subject to avoidance or subordination pursuant to any provisions of the Code, applicable nonbankruptcy law, or any agreement.

20. <u>Guarantied Obligations.</u> The "Guarantied Obligations," as that term is defined in the Guaranty.

21. <u>Guarantors.</u> The "Guarantors," as that term is defined in the Postpetition Loan Agreement.

22. <u>Guaranty.</u> The "Guaranty," as that term is defined in the Postpetition Loan Agreement.

23. <u>Liens.</u> The "Liens," as that term is defined in the Postpeition Loan Agreement.

24. <u>Obligations.</u> The "Obligations," as that term is defined in the Postpetition Loan Agreement.

25. <u>Permitted Liens.</u> Collectively:

(i) Liens held by Agent to secure the Obligations,

(ii) Liens to secure the Existing Loans, but excluding Liens, claims, and interests on all or any portion of the Postpetition Collateral (other than the Liens under that certain Loan Agreement dated as of September 20, 2006 between Northstar Trailside Townhomes, LLC and U.S. Bank National Association),

(iii) Solely to the extent any such Lien exists and is a valid, enforceable, perfected and non-avoidable Lien as of the Petition Date, the Liens set forth on Exhibit D hereto,

(iv) Liens for unpaid taxes set forth on Schedule 4.20 of the Postpetition Loan Agreement,

(v) Liens on amounts deposited to secure Borrowers' and their Subsidiaries obligations in connection with worker's compensation or other unemployment insurance,

(vi) with respect to any Real Property, easements, rights of way, and zoning restrictions that do not materially interfere with or impair the use or operation thereof, and

(vii) rights of setoff or bankers' liens upon deposits of cash in favor of banks or other depository institutions, solely to the extent incurred in connection with the maintenance of such deposit accounts in the ordinary course of business.

26. <u>Postpetition Charges.</u> Interest at the rate set forth in Section 2.6 of the Postpetition Loan Agreement, and all fees, costs, expenses and other charges due or coming due under the Postpetition Documents or in connection with the Postpetition Debt (including, without limitation, all attorneys' fees and paralegals' fees and expenses, financial advisor fees and expenses, appraiser fees and expenses, valuation related fees and expenses, consultant fees and expenses, out-of-pocket filing and recording fees, external and internal audit fees and expenses, closing fees, letter of credit fees, unused line fees, facility fees, administrative fees, agency fees, arrangement fees, deferred fees, consultant fees and expenses, and all other costs and expenses) that are incurred before, on, or after the Filing Date by Agent with respect the preparation, negotiation or documentation of the Postpetition Documents, the Postpetition Debt, or the administration of the Postpetition Debt.

27. <u>Postpetition Collateral.</u> The "Collateral," as that term is defined in the Postpetition Loan Agreement, but excluding any claims or causes of action under Code §§ 544, 547, 548, 549, 550, or 553.

28. <u>Postpetition Debt.</u> (a) All indebtedness, Obligations, or Guarantied Obligations of any or all of the Debtors to Agent or Lenders incurred on or after the Filing Date pursuant to this Order, the Postpetition Documents, or otherwise, including any advances made by Agent or Lenders to pay any Prepetition Debt, plus (b) the Postpetition Charges.

29. <u>Postpetition Documents.</u> The Postpetition Loan Agreement and the "Loan Documents," as that term is defined in the Postpetition Loan Agreement.

30. <u>Postpetition Loan Agreement.</u> That certain Senior Secured, Super-Priority Debtor-In-Possession Loan And Security Agreement by and among the Debtors, the Lenders, the Guarantors, and the Agent dated as of the date hereof and attached hereto as Exhibit C, as amended, modified or supplemented from time to time with the Agent's consent (in its sole discretion), including, without limitation, by that certain Omnibus Amendment No. 1 dated as of

March 10, 2010 and attached hereto as <u>Exhibit E</u> hereto and without the need for further Court approval.

31. <u>Postpetition Lenders</u>. Barclays Bank PLC, and any other lender that may, from time to time, become a party to the Postpetition Loan Agreement.

32. <u>Postpetition Liens</u>. First Priority Liens in the Postpetition Collateral, subject only to Permitted Liens.

33. <u>Required Lenders</u>. "Required Lenders," as that term is defined in the Postpetition Loan Agreement.

34. <u>Second Lien Collateral</u>. The "Second Lien Collateral," as that term is defined in the Postpetition Loan Agreement.

35. <u>Security Instruments</u>. The "Security Instruments," as that term is defined in the Postpetition Loan Agreement.

36. <u>Termination Date.</u> At Agent's election, the earliest to occur of: (a) the date on which Agent provides, via electronic or overnight delivery, written notice to counsel for the Debtors and counsel for any Committee of the occurrence of an Event of Default; (b) the entry of an order converting any of these Cases to a case under chapter 7 of the Code or dismissing any of these Cases; (c) the effective date of any plan of reorganization; and (d) October 25, 2010.

37. <u>Trailside Purchase Deposit Account</u>. The "Trailside Purchase Deposit Account," as that term is defined in the Postpetition Loan Agreement.

38. <u>Trailside Townhomes Collateral</u>. The Postpetition Collateral consisting of four townhomes of Trailside Townhomes LLC that are under sales contracts as of the Petition Date in the amount of $14,400,000.

38. <u>Trustee</u>. Any trustee appointed or elected in the Cases.